■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CHAPMAN, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 2, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in denying his application to sever the counts of the indictment which charged him with the offenses of murder in the second degree and criminal possession of a weapon in the third degree is without merit. The offenses were properly joined in a single indictment pursuant to CPL 200.20 (2) (b), which provides that separate offenses, even though based upon different criminal transactions, are joinable when they are of such nature that proof of one of the offenses would be material to and admissible as evidence-in-chief upon a trial on the other. Here, the evidence that the defendant possessed a loaded revolver during the two-day period prior to the murder, which he displayed to several people while threatening to shoot someone or use it against the victim or members of her family, was material and admissible to establish his intent to commit the murder. Since the offenses were properly joined in one indictment from the outset, the court lacked statutory discretion to sever (CPL 200.20 [3]; *People v Bongarzone,* 69 NY2d 892, 895; *People v Lane,* 56 NY2d 1, 7).

Contrary to the defendant's further contention, the admission of evidence concerning his previous violent behavior towards his victim, who was his wife, and the circumstances surrounding their separation, was not error. In this case, such testimony was probative of the defendant's intent and motive to kill his wife, and to refute the defense theory that her death was accidental *(see, People v Vails,* 43 NY2d 364; *People v Molineux,* 168 NY 264).

In addition, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.