■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARN ULYSSES MILES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of intentional assault in the first degree (Penal Law § 120.10 [1]) and unlawful imprisonment in the first degree (Penal Law § 135.10). On appeal defendant contends that the trial court erred in refusing his request that reckless assault in the third degree be charged to the jury as a lesser included offense of intentional assault in the first degree and that the trial court improperly allowed the prosecution to cross-examine a defense witness concerning her prior testimony at a hearing. Both contentions lack merit. There was no reasonable view of the evidence, considered in the light most favorable to defendant

*(see, People v Martin,* 59 NY2d 704, 705), that would support a finding that defendant acted recklessly but not intentionally. Further, it is settled law that the bias and credibility of a witness and evidence destructive of an alibi are proper subjects of cross-examination *(see, People v McDowell,* 9 NY2d 12; *People v Knox,* 71 AD2d 41, 49). Here, the trial court properly restricted the nature of the prosecutor's examination to preclude any suggestion that the prior testimony was given on an unrelated matter, thereby avoiding any prejudice to defendant by such examination. (Appeal from Judgment of Monroe County Court, Marks, J.—Assault, 1st Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.