■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDAN C., Appellant. [629 NYS2d 144] —Adjudication unanimously affirmed. Memorandum: Defendant appeals from an adjudication finding him guilty, after a nonjury trial, of assault in the first degree in violation of Penal Law § 120.10 (1). There is no merit to the contention of defendant that the evidence is legally insufficient to establish that the victim sustained a serious physical injury or that defendant intended to inflict that injury. The evidence established that defendant struck the victim on the head with a crowbar while verbally threatening to kill the victim. That blow rendered the victim unconscious. The victim sustained a head laceration that required 18 sutures and caused a permanent scar. He continued to experience headaches and dizziness for several months and has sustained permanent damage to his cutaneous, or sensory, nerves, resulting in numbness on a portion of his head. That proof is sufficient to meet an objective level of serious physical injury for submission to the trier of fact *(see, People v Kern,* 149 AD2d 187, 213-214, *affd* 75 NY2d 638, *cert denied* 498 US 824). We also conclude that the verdict is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

The trial court did not err in refusing to consider reckless assault in the third degree (Penal Law § 120.00 [2]) as a lesser included offense of intentional assault in the first degree (Penal

Law § 120.10 [1]). There is no reasonable view of the evidence, considered in the light most favorable to defendant, that would justify a finding that he acted recklessly and not intentionally *(see, People v Miles,* 182 AD2d 1113, *lv denied* 80 NY2d 835; *People v Maybee,* 148 AD2d 923). The court did consider reckless assault in the second degree (Penal Law § 120.05 [4]) as a lesser included offense, but found defendant guilty of intentional assault in the first degree *(see, People v Bennett,* 204 AD2d 1056, *lv denied* 83 NY2d 1002; *cf., People v Boettcher,* 69 NY2d 174, 180; *People v Green,* 56 NY2d 427, 435). Thus, the error, if any, is harmless. Lastly, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Adjudication of Monroe County Court, Marks, J.—Youthful Offender.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.