■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAU KUD SU, Appellant. [657 NYS2d 483] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Scarano, Jr., J.), rendered May 24, 1995, upon a verdict convicting defendant of the crime of assault in the first degree.

On May 17, 1994, defendant arrived at the home of his estranged wife, Chiung Su Lin, to look after their children while she worked. At such time, an order of protection was in effect against him which provided, *inter alia*, that he refrain from any violent, harassing or intimidating conduct toward his wife. Before he even entered the residence, an altercation ensued on the front steps. According to Su Lin, he began to verbally harass her and then knocked her down to the ground. He then grabbed her hair and, with extreme force and at a remarkable rate of speed, repeatedly slammed her face into the edge of one of the cement steps. He continued to slam her face into the steps despite efforts to persuade him to cease from both bystanders and his own daughter, who tried to hold her mother's head during the assault.

According to the testimony of various eyewitnesses,* defendant struck Su Lin's head into the cement step 10 to 20 times. When he finally stopped, he simply walked away from the scene, neither rendering assistance to his daughter nor to his bloodied wife.

Paramedics responded to the scene of the assault and provided treatment to Su Lin. They thereafter transported her to the trauma unit at a nearby hospital where she was treated by Robert Kessler. According to his testimony, the cut on her head "penetrated the full thickness of the skin, subcutaneous

---

* Defendant's brutal assault was witnessed by Douglas Brown, a building manager who was driving by the location, Carol Stanton, a bus driver also driving by the location, Lisa Currey, a nurse who lives nearby, and defendant's 11-year-old daughter, Anita Su. Each of these individuals testified for the prosecution at trial.

tissue, subcutaneous facia, and penetrated into the thin layer that covers the skull", with a CAT scan revealing a cerebral contusion. Kessler also observed that Su Lin suffered facial contusions, swelling and discoloration, had leg bruises, moderate swelling and abrasions to her right elbow, tenderness to the back of her neck and a concussion. Her forehead laceration necessitated the use of multiple stitches. He opined that these injuries posed a substantial risk of serious injury and that as to symptoms suffered by Su Lin in the year following the incident—forgetfulness and severe headaches—they were consistent with a diagnosis of "post-concussion syndrome". At trial, Su Lin displayed the clearly visible scar on her forehead which was confirmed to be permanent and forever visible.

Convicted of one count of assault in the first degree and sentenced to 5 to 15 years in prison, defendant now proffers two grounds for reversal on appeal. First, he contends that the evidence presented was insufficient to sustain the conviction of assault in the first degree because the People failed to establish that Su Lin suffered a "serious physical injury" within the meaning of Penal Law § 10.00 (10). Second, he argues that County Court committed reversible error when it permitted testimony concerning his prior violent acts upon Su Lin.

Generally, evidence of crimes not charged in an indictment is inadmissible if introduced for the sole purpose of establishing criminal propensity. However, they may be introduced for the purpose of, *inter alia*, proving motive, intent, common scheme or plan (*see, People v Santarelli*, 49 NY2d 241, 247; *People v Allweiss*, 48 NY2d 40, 46; *People v Molineux*, 168 NY 264, 293; *People v Jordan*, 193 AD2d 890, 893, *lv denied* 82 NY2d 756; *People v Chapman*, 145 AD2d 642, 643, *lv denied* 73 NY2d 1012). Here, the People advised that they intended to offer evidence at trial concerning 10 prior incidents of purported spousal abuse perpetrated by defendant. After a hearing, however, County Court permitted inquiry and evidence on only two such acts, finding that they were probative on the issues of "motive, intent, common scheme or plan". Our review of the record reveals that County Court appropriately balanced all relevant factors and properly allowed the introduction of such evidence (*see, People v Jordan, supra*; *People v DeLeon*, 177 AD2d 641, 642; *People v Chapman, supra*).

As to the sufficiency of the evidence, viewed in a light most favorable to the prosecution, we find it legally sufficient to establish that Su Lin sustained a "serious physical injury" within the meaning of Penal Law § 120.10 (*see*, Penal Law § 10.00 [10]; *see, People v Contes*, 60 NY2d 620, 621; *People v Johnson*, 213

AD2d 791, 792, *lv denied* 85 NY2d 975; *People v Brown*, 184 AD2d 856, 858, *lv denied* 80 NY2d 927; *People v Romer*, 163 AD2d 880, *lv denied* 76 NY2d 896; *People v Ahearn*, 88 AD2d 691, 692). Moreover, upon the exercise of our factual review power, we are eminently satisfied that the verdict was not against the weight of the evidence (*see, People v Brendan C.*, 216 AD2d 918).

Accordingly, the judgment of County Court is affirmed in its entirety.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.