■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE GADSDEN, Also Known as GADSEN, Appellant. [751 NYS2d 378] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered February 14, 2001, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and resisting arrest, after a nonjury trial, and criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him to determinate terms of imprisonment of seven years for assault in the second degree, one year for criminal possession of a weapon in the fourth degree, one year for resisting arrest, and five years for criminal possession of a weapon in the third degree, with an order of protection remaining in effect until February 14, 2013.

Ordered that the judgment is modified, on the law, by deleting the provision in the order of protection which provides that it shall remain in effect until February 14, 2013, and substituting therefor a provision that the order of protection shall remain in effect until February 14, 2011; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crime of assault in the second degree beyond a reasonable doubt (*see People v Briggs*, 285 AD2d 514; *People v Brendan C.*, 216 AD2d 918). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

As the People correctly concede, the Supreme Court erred in setting the expiration date of the order of protection 12 years after the defendant's conviction. Since the defendant was sentenced to a determinate term of seven years, the maximum permissible duration of the order of protection was 10 years (*see* CPL 530.13 [4]). Altman, J.P., Smith, H. Miller and Adams, JJ., concur.