THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES HORACE JONES, Appellant.

Upon the trial of an indictment for murder, it is competent to show that the prisoner has made previous threats or attempts to kill his victim.

Upon the trial of a man for the murder of his wife by shooting her with a pistol, the prosecution was allowed to show, under objection and exception, that on two prior occasions, when the prisoner and his wife were in a room together alone, the report of a pistol fired in the room was heard, the circumstance being sufficient to authorize a finding that the shots were fired by defendant either at his wife or in anger to frighten her. *Held* no error.

Counsel for defendant requested the court to charge, "that upon the question of deliberation, under the facts of this case, the jury must not con-

sider the previous threats or attempts to take the life of the deceased which have been sworn to." The court refused so to charge. *Held* no error.

(Argued June 12, 1885 ; decided June 26, 1885.)

DEFENDANT was tried and convicted upon an indictment charging him with the crime of murder in the first degree, in killing his wife by shooting her with a pistol. The following extracts from the opinion present the only questions of importance determined.

"Upon the trial the people were permitted to show the prior relations between the prisoner and his wife ; that he had repeatedly used violence to her person, and had threatened to injure her, and to kill her. On one occasion, in August, 1883, a witness testified that she was in a room near to that occupied by the defendant and his wife ; that she heard the prisoner say 'damn you,' and then heard the report of a pistol, and that his wife came rushing into her room badly frightened and agitated. In the spring of 1884, while in a room near to that occupied by the defendant and his wife, the same witness heard again the report of a pistol in that room, and upon entering the room found the wife in bed in a fainting condition. The proof of the pistol shots upon these two occasions was objected to, and we think the objection was properly overruled. There was evidence sufficient to enable the jury to find that the shots were fired by the defendant, either at his wife, or in anger to frighten her. In cases of homicide, it has always been held competent to show the conduct and feelings of the prisoner toward his victim, and proof that he had made previous threats or attempts to kill his victim has always been received. (3 Russell on Crimes [9th ed.], 288 ; Roscoe's Crim. Ev. [7th ed.] 18 ; Wharton on Hom. [2d ed.], § 693 ; 2 Colby's Crim. Law, 193.)

"Evidence of such facts is received not because the facts give rise to a presumption of law as to guilt, but because from them, in connection with other circumstances, and proof of the *corpus delicti*, guilt may be inferred. This evidence did not of itself establish the fact that the defendant intended to kill his wife at the time he fired the fatal shot ; but it was to

be weighed by the jury in connection with all the facts surrounding the homicide for the purpose of determining the motive and intent of the defendant at the time.''

"Counsel for the defendant also requested the judge to charge 'that upon the question of deliberation, under the facts of this case, the jury must not consider the previous threats or attempts to take the life of the deceased, which have been sworn to by the witnesses for the people,' and the judge refused to so charge, to which refusal defendant's counsel excepted. The previous threats and attempts to take the life of the deceased were evidence tending to show that the defendant had long deliberated upon the subject; that he had conceived the purpose of killing his wife long before the 3d day of July; and they were competent evidence both upon the question of deliberation and of premeditation."

*William J. Ludden* for appellant.

*La Mott H. Rhodes* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.