■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BUCKHANON, Appellant.—Casey, J. P.

Defendant was convicted of the crimes charged in 2 counts of a 4-count indictment. He was acquitted of attempted murder in the second degree, as charged in the first count of the indictment, and the second count, charging criminal use of a firearm in the first degree, was not submitted to the jury. Defendant was sentenced to concurrent indeterminate prison terms of 5 to 15 years on each conviction.

The crimes apparently stemmed from a confrontation on January 12, 1985 between defendant and the victim, Bryant Yarborough, at the apartment of Alicia Sturdivan, where

Yarborough had gone to see his son. Yarborough questioned defendant about a report that defendant had been abusing Yarborough's son, although the boy was not present at the time. Yarborough allegedly then told defendant, "if a time come[s] to where he abuses my child, I'll be looking for him". At this time, defendant is said to have pointed a revolver at Yarborough and to have pulled the trigger 3 or 4 times, which resulted in a series of "clicks". However, when the revolver was then pointed at the floor, a bullet was discharged into the floor.

County Court held a hearing, pursuant to *People v Ventimiglia* (52 NY2d 350), to decide whether evidence of this incident would be admissible. The court determined that the incident was probative of defendant's identity as the person who shot Yarborough on January 16, 1985. On that date, four days after the incident at the apartment, four young men, including Yarborough, were driving on Livingston Avenue in the City of Albany at about 11:00 P.M. After asking the driver to stop the vehicle, Yarborough left it to confront a figure walking across the street. When Yarborough "grabbed at" the other person, that person began running and then the person turned and shot Yarborough twice in the chest. None of Yarborough's companions, with the exception of David Gaddy, could identify defendant as the assailant. Yarborough, after being taken to the hospital, also identified defendant.

On this appeal, defendant chiefly urges that testimony of the prior incident admitted by County Court was highly prejudicial and constitutes reversible error. We find no such error in the admission of the testimony on the prosecution's direct case. The identity of defendant had not been conclusively established *(see, People v Condon,* 26 NY2d 139, 142). Defendant himself denied being at the scene, claiming he was in his girlfriend's home at the time of the crimes, and two of Yarborough's companions could not identify defendant as being at the scene. Furthermore, the incident was admissible as a prior attempt on the victim's life *(see, People v Jones,* 99 NY 667; *see also, People v O'Sullivan,* 104 NY 481). In the circumstances, the probative value of the evidence admitted clearly outweighed its prejudice *(see, People v Allweiss,* 48 NY2d 40, 49) and was properly determined admissible by County Court in a *Ventimiglia* hearing.

The violent nature of the crime and the fact that the sentence was within the statutory limits show no abuse of discretion in the sentence imposed by County Court. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.