■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANNETTE HUTCHINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered September 5, 1984, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error in refusing to admit evidence of an assault committed by the victim on a third party on the night of the incident. Where justification is an issue, a defendant may introduce evidence of the victim's prior specific acts of violence directed to a third party of which the defendant had knowledge, provided that the acts are reasonably related to the crime of which the defendant stands charged (People v

*Miller,* 39 NY2d 543). In the instant case, the record reveals no evidence of such knowledge on the part of the defendant, nor did the defendant make an offer of proof to that effect. Accordingly, evidence of the alleged prior assault by the victim on a third party was properly excluded.

The defendant also claims that the trial court should have specifically and expressly instructed the jury to consider the victim's past attacks on her when evaluating her defense of justification. The defendant testified at trial about the past attacks, and the trial court instructed the jury to consider "what took place before and during the encounter between the defendant and the victim". Under these circumstances, it cannot be said that the defendant was denied a fair trial by the absence of a specific reference to the prior attacks *(People v Saunders,* 64 NY2d 665).

Finally, while the trial court erroneously refused to admit into evidence photographs of the defendant's injuries *(People v Corbett,* 68 AD2d 772, 779, 780, *affd* 52 NY2d 714; Fisch, New York Evidence § 142, at 82 [2d ed]), given the extensive testimony describing her injuries, this error was harmless *(People v Crimmins,* 36 NY2d 230). Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.