(March 27, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD DUNSTON, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), convicting defendant after a jury trial of assault in the first degree and criminal possession of a weapon in the third degree and sentencing him as a predicate felon to concurrent terms of imprisonment of from 7½ to .15 years and 2½ to 5 years, respectively, unanimously affirmed.

Overwhelming evidence established that defendant brutally slashed his former girlfriend's face with a razor blade, severing nerves and a tearduct, when she refused to reconcile with him. Evidence also was introduced of former incidents when the victim tried to break off the relationship or deny defendant sexual access, and defendant would respond with violence.

On appeal, defendant challenges introduction of this evidence. Testifying on his own behalf, defendant generally challenged the victim's testimony, denying that they had ever broken up and claiming that they had always held themselves out as husband and wife, denied ever striking the victim, unless she had struck first, and contended that he had still resided with her. Defendant claimed that the incident in question arose out of an altercation in the apartment instigated by the victim's daughter and exacerbated by the daugh-

ter's boyfriend, prompting defendant to leave peacefully. Defendant disclaimed any knowledge of how the victim was slashed, and suggested that it occurred in the general confusion, portraying himself as the real victim. On rebuttal, the boyfriend testified that he had not been in the apartment that evening, and the People introduced an inculpatory note written by defendant, in prison, to the victim, which essentially asked for forgiveness and acknowledged his guilt.

Under the circumstances, we conclude that the challenged evidence was probative of intent *(see, People v Alvino, 71 NY2d 233, 241-242)* and motive *(People v Molineux, 168 NY 264, 293)* to refute the defense theory that the slashing did not involve defendant and was accidental, and that its relevancy was not outweighed by undue prejudice *(see also, People v Castrechino, 134 AD2d 877; People v Chapman, 145 AD2d 642).* Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.