■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSLOW SHOREY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 3, 1989, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of January 21, 1988, the complainant was assaulted by a man who knocked her to the ground and proceeded to stab her, inflicting a 40-centimeter laceration to her head and random stab wounds in her chest, abdomen and buttocks. The complainant's estranged husband, the defendant, was charged with the assault. Before trial, the defendant moved to preclude the People from offering any evidence that the defendant had beaten his wife while they were living together, and the court denied this application.

It is well settled that "where the evidence of prior, uncharged criminal conduct has a bearing upon a material aspect of the People's case other than the accused's general propensity toward criminality * * * the probative value of the evidence justifies its admission, notwithstanding the potential for incidental prejudice" *(People v Santarelli,* 49 NY2d 241, 247; *see, People v Allweiss,* 48 NY2d 40, 47; *People v Molineux,* 168 NY 264). Evidence of other bad acts or crimes may be admitted to show, among other things, motive, intent, the absence of mistake or accident, a common scheme or plan or the identity of the guilty party *(see, People v Molineux, supra).*

"These *Molineux* exceptions are, however, subject to limitations. The evidence must not only be probative of the crime charged but its probative value must outweigh its potential for prejudice. Furthermore, the evidence must be directly related to the issue upon which it is offered or must be 'inextricably interwoven' *(People v Ely,* 68 NY2d 520, 529) with directly related material and it must not be unnecessary or cumulative *(see, People v Ely, supra,* at 529-530)" *(People v Linton,* 166 AD2d 670, 671).

In this case the People presented evidence of prior bad acts and threats which the defendant made against his wife during the period of their marriage when they lived together. This evidence disclosed an unstable marriage during which the wife had attempted to leave her husband twice unsuccessfully, and had only done so permanently about four months prior to the assault. A review of the record indicates that all of the *Molineux* evidence adduced was highly probative of the defendant's motive and was either directly related to or "inextricably interwoven" with the issue of his identity as the assailant *(see, People v Linton, supra; People v Ely, supra)*. Moreover, the evidence was also admissible, as the trial court found, as background material in order for the jury to understand the nature of the defendant's relationship with his wife *(see, People v Escobar,* 131 AD2d 500, 502, citing *People v Montanez,* 41 NY2d 53, 58).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245) or without merit. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.