■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BARNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered August 17, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon an indictment in which he was charged with murder in the second degree (Penal Law § 125.25 [1]), the defendant was found guilty of manslaughter in the first degree, for stabbing a woman with whom he was living.

The defendant contends that the verdict was against the weight of the evidence, that the court erred in permitting the People to adduce evidence of his prior threats to kill the victim and in refusing to allow the defendant to cross-examine the prosecution witnesses concerning the victim's prior violent acts, and that the sentence imposed was unduly severe.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Further, we reject the defendant's contention that the court erred in permitting the prosecution to adduce evidence of his prior threats to kill the victim. Evidence of such conduct was relevant to prove the defendant's motive and intent (see, People v Molineux, 168 NY 264, 291-293; see also, People v Jones, 99 NY 667, 668; People v Paige, 283 NY 479; People v Dyes, 122 AD2d 69).

In addition, we do not agree with the defendant's contention that the court erred in refusing to permit cross-examination of the prosecution witnesses concerning the deceased's prior

violent acts. Where justification is in issue, a defendant may introduce evidence of the victim's prior specific acts of violence of which he was aware at the time the crime was allegedly committed (see, People v Miller, 39 NY2d 543; People v Hutchinson, 141 AD2d 762). In the case before us, however, counsel for the defendant gave no indication in his opening statement of the defense's intention to raise the issue of justification, and indeed, at one point during the trial expressly renounced any reliance on that defense. Nothing transpired during the presentation of the prosecution's case sufficient to warrant a determination by the court that the defense was going to rely on a claim of justification.

We find no merit in the defendant's contention that the sentence imposed by the court was unduly severe (see, People v Farrar, 52 NY2d 302, 305; People v Suitte, 90 AD2d 80). Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.