■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DeLEON, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Cowhey, J.), rendered January 6, 1988, convicting him of burglary in the first degree (two counts), and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of August 9, 1986, the defendant forcibly entered into the home of Polly Molina, where his estranged wife was residing. The defendant immediately went to the bedroom where his wife was sleeping, and proceeded to slash her with a razor-knife, and to kick and beat her, causing her permanent physical disfigurement. Over the defense counsel's objection, the County Court held that evidence of the

defendant's prior abusive behavior towards his wife in the months preceding the crimes charged was admissible at the trial.

Evidence of crimes not charged in the indictment is inadmissible if the crimes are introduced for the sole purpose of establishing criminal propensity (see, People v Alvino, 71 NY2d 233, 241). The introduction of such evidence to establish motive is an exception to this general rule (see, People v Molineux, 168 NY 264, 293; People v Mees, 47 NY2d 997, 998). Such evidence may also be introduced to complete a witness's narrative to assist the jury in its comprehension of the crime (see, People v Mendez, 165 AD2d 751, 752). For these reasons, the evidence of the defendant's violence towards his estranged wife was admissible at the trial (see, People v Liberatore, 167 AD2d 425, 426).

Moreover, we are satisfied that the defendant deliberately absented himself from the courtroom after the trial had begun, and thereby forfeited his right to be present (see, People v Sanchez, 65 NY2d 436). The court sufficiently warned the defendant that the trial would continue in his absence, and that he had a right to be present at his trial (see, People v Parker, 57 NY2d 136, 140; People v Epps, 37 NY2d 343, 349-350, cert denied 423 US 999). It is clear that the defendant knowingly and intelligently waived his right to be present at his trial (see, People v Parker, supra).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.