■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY VITA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), ren-

dered September 27, 1990, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree (two counts), and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court impermissibly allowed the admission of evidence of uncharged crimes by permitting the defendant's mother and brother to testify that they had seen the defendant selling drugs from November 1989 until February 1990, when the defendant was arrested. We find that this evidence was properly admitted pursuant to the principles enunciated in *People v Molineux* (168 NY 264; *see also, People v Ventimiglia,* 52 NY2d 350). The theory of the defense was that the cocaine and other contraband found in the home shared by the defendant, his mother and brother, belonged to and were sold by the brother. It was therefore necessary for the prosecution to prove that the cocaine found in the home was possessed by the defendant with intent to sell *(see, People v Alvino,* 71 NY2d 233; *People v Watson,* 177 AD2d 676).

The defendant further contends that the court committed error in failing to issue an instruction to the jury limiting the use of the evidence of uncharged crimes, and that this error warrants a new trial. We disagree. The defendant not only failed to request a limiting instruction, thereby failing to preserve the issue for appellate review *(see, People v Woodham,* 158 AD2d 494), but additionally the defendant objected to the prosecutor's request for this specific charge. Under these circumstances, we find that the defendant's express objection to a limiting instruction with regard to the uncharged crimes constituted a binding waiver of any right to that charge *(see generally, People v White,* 53 NY2d 721). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.