■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS MONTANA, Appellant. [596 NYS2d 154] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered May 23, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the contention of the defendant, the trial court did not improvidently exercise its discretion in admitting testimony regarding his prior threats against the deceased *(see, People v Alvino,* 71 NY2d 233). The evidence was admissible to establish the defendant's motive as well as to complete the narrative of events *(see, People v DeLeon,* 177 AD2d 641; *People v Shorey,* 172 AD2d 634). Further, by offering a justification defense, the defendant opened the door to the admission of evidence of his intent *(see, People v Barnes,* 176 AD2d 337; *People v Duntson,* 159 AD2d 387; *People v Stephens,* 119 AD2d 777).

Nor was the defendant deprived of a fair trial by the manner in which the trial court marshalled the evidence *(see, People v Saunders,* 64 NY2d 665; *People v Williamson,* 40 NY2d 1073). The trial was short and uncomplicated. The trial court warned the jury that it had no opinion as to the facts of the case and repeatedly reminded the jury that it was their recollection of the facts that controlled. Further, the defense counsel adequately conveyed the defendant's theory of defense to the jury *(see, People v Bacchus,* 183 AD2d 720; *People v Holton,* 160 AD2d 729; *People v McDonald,* 144 AD2d 701).

Because of the severity of the crime, we do not find the defendant's sentence to be excessive *(see, People v Alicea,* 99 AD2d 815; *People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.