■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BRANCH, Appellant. [600 NYS2d 118] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered October 7, 1986, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the police lacked probable cause to arrest him without a warrant. The hearing evidence showed that in one of a series of gunpoint robberies being investigated by the Nassau County Police Department, bank personnel had included with the stolen money and food stamps an exploding packet of red dye and tear gas. Upon executing a search warrant upon the home of the defendant's family, detectives recovered red-stained currency and food stamps as well as various weapons. Moreover, other family members gave statements implicating the defendant in the crimes. They told police that when the defendant and his brothers brought the money into the house, their eyes were red and tearing. There is no basis to disturb the hearing court's determination that the defendant effectively waived his *Miranda* rights before admitting his participation in two of the robberies. Accordingly, the hearing court properly denied suppression of the defendant's statement.

At the suppression hearing, a detective testified that he made notes while interviewing the defendant but destroyed them after preparing the defendant's statement. The defendant claims a *Rosario* violation in the People's failure to supply him with these notes. However, the defendant never asked for the notes, even after hearing the detective's testimony. Thus, he failed to preserve his claim for appellate review *(see, People v West,* 184 AD2d 743).

We find that the sentence imposed was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780). Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.