■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SAUNDERS, Appellant. [620 NYS2d 356] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered July 17, 1991, convicting defendant, after a jury trial, of attempted assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 3½ to 7 years, and order, same court and Justice, entered July 12, 1993, denying defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

The court properly permitted the prosecutor to introduce evidence of defendant's prior acts of domestic violence against the complainant, including his threats to kill her and his arrests for violating numerous orders of protection, as proof of defendant's intent to commit the crimes charged, including attempted murder and burglary *(see, People v Dunston,* 159 AD2d 387, *lv denied* 76 NY2d 734). Defendant's complaint that the court failed to provide limiting instructions regarding this evidence is unpreserved (CPL 470.05 [2]).

The court properly refused defendant's request to submit attempted assault in the third degree as a lesser included offense of attempted murder because there was no reasonable view of the evidence that defendant merely intended to cause physical injury, as opposed to "serious" physical injury, when he attempted to stab the complainant with scissors *(People v*

*Green,* 56 NY2d 427). Although the court's definition of attempt in its final charge to the jury and in its supplemental instructions diluted the People's burden of proof by requiring only that the People prove that defendant's conduct constituted a "substantial" step toward the accomplishment of the crime *(cf., People v Acosta,* 80 NY2d 665), where commission of the crime was dangerously real, defendant's argument is unpreserved since he failed to object to these charges and we decline to reach it in the interest of justice (CPL 470.05 [2]).

The court properly denied defendant's CPL 440.10 motion on the ground that defendant's *Rosario* claim was unpreserved. At trial, defendant neither requested the handwritten notes of Officer Ryan, nor did he request a sanction for the People's failure to turn over those notes *(see, People v Branch,* 195 AD2d 474). Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.