THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant. [624 NYS2d 206] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered August 10, 1992, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of March 3, 1991, the defendant fired two shots at the victim, striking her with one bullet which lodged in the back of her skull, causing her death. At trial two eyewitnesses testified that the shooting occurred during the course of a loud argument between the defendant and the victim, and that they observed the defendant shout at the victim and call her a "bitch". The defendant testified, however, that he and the victim were simply walking home from the grocery store when he began "playing" with a gun and accidentally shot her.

On appeal, the defendant contends that he was deprived of a fair trial by the admission of testimony that he put a gun to

the victim's head and threatened to kill her on the day before the shooting. We disagree. It is well settled that "where the evidence of prior, uncharged criminal conduct has a bearing upon a material aspect of the People's case other than the accused's general propensity toward criminality * * * the probative value of the evidence justifies its admission, notwithstanding the potential for incidental prejudice" *(People v Santarelli,* 49 NY2d 241, 247; *see also, People v Alvino,* 71 NY2d 233).* Contrary to the defendant's contention, the evidence that he previously assaulted and threatened the victim was admissible to establish his motive and intent, and to refute his assertion that the shooting was accidental *(see, People v Molineux,* 168 NY 264; *People v Hamid,* 209 AD2d 716; *People v Montana,* 192 AD2d 623; *People v Vita,* 184 AD2d 742; *People v Carver,* 183 AD2d 907).* The defendant's further claim that the prosecutor failed to fully reveal the scope of the proposed testimony during the pretrial *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350) is unpreserved for appellate review because the defendant failed to object on this basis when the testimony was admitted. In any event, the prosecutor sufficiently apprised the court and the defendant of the nature of the testimony which was to be offered by the victim's sister, and the trial court properly determined that the probative value of this evidence outweighed its prejudicial effect *(see, People v Ventimiglia, supra).*

Furthermore, in view of the defendant's criminal history, and the brutal nature of the crime of which he stands convicted, we perceive no basis upon which to modify the sentence imposed *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review *(see, People v Cruz,* 200 AD2d 581; *People v Holland,* 179 AD2d 822), and, in any event, is without merit *(see, People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352; *People v Craig,* 194 AD2d 687). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.