◼ The People of the State of New York, Respondent, v James Hawker, Appellant. [626 NYS2d 524] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered May 25, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the night of August 23, 1992, the defendant stabbed his wife to death in their apartment as family members, including their three children, attempted to stop him. At the trial, the

defendant asserted a claim of diminished capacity, maintaining that he was intoxicated at the time *(see,* Penal Law § 15.25), as well as the defense of justification, both of which the jury rejected.

On appeal, the defendant contends that the trial court erred in permitting his three children to testify as to his prior assaults on his wife, the prejudicial effect of which was exacerbated by the trial court's failure to instruct the jury as to the limited purpose for which this testimony was received. We disagree. It is well settled that "where the evidence of prior, uncharged criminal conduct has a bearing upon a material aspect of the People's case other than the accused's general propensity toward criminality * * * value of the evidence justifies its admission, notwithstanding the potential for incidental prejudice" *(People v Santarelli,* 49 NY2d 241, 247; *see also, People v Alvino,* 71 NY2d 233; *People v Johnson,* 213 AD2d 675). The evidence that the defendant assaulted his wife on prior occasions while in a jealous rage over her alleged infidelity was probative on the issues of the defendant's motive and intent, as it reflected a pattern of similar acts inspired by the same underlying motive, and tended to show that the fatal stabbing was a continuation of that pattern of violence and was likewise intentional rather than merely the product of intoxication, or an act of self-defense *(see, People v Alvino, supra,* at 242; *People v Ingram,* 71 NY2d 474, 479, 482; *People v Sims,* 110 AD2d 214, 221). The defendant's claim that the court's charge in this connection was inadequate is unpreserved for review *(see, People v Williams,* 50 NY2d 996). In any event, it does not warrant reversal in view of the overwhelming proof of guilt and the limited extent of the testimony in question *(see, People v Crimmins,* 36 NY2d 230; *People v Carr,* 157 AD2d 794).

The sentence is not excessive. Miller, J. P., Thompson, Pizzuto and Santucci, JJ., concur.