OPINION OF THE COURT
David Friedman, J.
*852 Defendant was indicted for attempted murder in the second degree in a prosecution emanating from a domestic dispute. The People asserted that on July 29, 1993 the defendant, in a dispute with his girlfriend, Laverne Wise, threw paint thinner on her while she was sitting on the living room couch and then set her on fire by throwing a match at her. Initially defendant avoided prosecution for this crime. He left New York to reside in New Jersey. On November 24, 1994, while in that State, he was involved in a domestic dispute with a different girlfriend. The New Jersey incident resulted in the imprisonment of defendant after he pleaded guilty. He was subsequently extradited to New York to face the instant attempted murder charge.
At the trial of this charge the People moved before commencement of jury selection for permission to introduce as part of their direct case evidence of bad acts committed by defendant in New Jersey on November 24, 1994. The People proposed to prove that defendant’s then girlfriend, Cheryl Patterson, was in possession of an order of protection against defendant. He came to her house and threatened to burn her house and car. Ms. Patterson left. When she returned she found her home ablaze. Subsequently, it was learned that the fire resulted from a turkey being doused with gasoline and placed in a heated oven and from clothes being soaked with gasoline and set ablaze.
The People asserted that this evidence was admissible at the instant trial, inter alia, to show intent, lack of mistake or accident, and identity. I declined to rule on the application at that time on the grounds that there was insufficient information.
The trial commenced and the People’s case relied almost exclusively upon Ms. Wise’s testimony that the defendant set her ablaze after pouring paint thinner on her. The People also submitted expert testimony from Fire Marshall William Kegler who testified that in his opinion the origin of the fire was the introduction of flammable liquid onto Laverne Wise.
As the trial proceeded defense counsel attempted, via cross-examination, to establish that Ms. Wise accidentally set herself on fire when lighting a cigarette and that defendant burned his hands trying to put out the flames. To further undermine Ms. Wise’s version of events defense counsel elicited that she had been drinking and smoking crack. The defense therefore presented a scenario in which the whole event occurred by accident and without any participation by defendant.
At this juncture the People renewed their Molineux application. Defense counsel objected to the introduction of the prof *853 fered evidence. I granted the People’s application and permitted the admission of the evidence. This decision explains my ruling.
It is well established that evidence of other bad acts is inadmissible if its sole purpose is to show that the defendant has a predisposition to commit crime (see, People v Allwiess, 48 NY2d 40). However, it is equally well established that evidence otherwise relevant to a material fact is not rendered inadmissible merely because it reveals that the defendant has committed another crime. Such evidence may be relevant to motive, intent, the absence of mistake or accident, identity, or any other relevant issue (see, People v Molineux, 168 NY 264).
Here, as previously noted, the People argued that the proffered evidence was relevant to intent, lack of mistake or accident, and identity. While analysis in this area of jurisprudence is necessarily fact sensitive, People v Basir (179 AD2d 662) is instructive.
In Basir (supra) the defendant was convicted of murdering her daughter. The trial court admitted evidence that defendant beat her children. Since the defendant sought to establish that the child was murdered by an unidentified man or persons with access to her room key, the Appellate Division held that the evidence was admissible to show identity. It was also admissible to establish intent and negate any claim of accident. By a parity of reasoning the evidence which was admitted in the present case served similar evidentiary purposes, namely, to establish the identity of the person starting the fire and negate any claim of accident (cf., People v Dunston, 159 AD2d 387).
Moreover, in Smith v State (232 Ga App 290, 501 SE2d 523), the court upheld the admission of evidence under circumstances similar to those at bar. There, during an argument, defendant poured rubbing alcohol on his girlfriend and set her on fire with a cigarette lighter. His defense was that she was massaging him with the alcohol when he went to light his cigarette and accidentally ignited her hand.
The prior crime, which the prosecutor sought to introduce, occurred three years earlier when the defendant arrived at his estranged wife’s home with a machete and chopped down the front door. He then slammed her up against a wall and cut her with the machete. The trial court held this evidence to be admissible.
The Georgia Court of Appeals concluded that this evidence was properly admitted. The court noted that “[i]n cases of do *854 mestic violence, prior incidents of abuse against family members or sexual partners are more generally permitted because there is a logical connection between violent acts against two different persons with whom the accused had a similar emotional or intimate attachment” (supra, 232 Ga App, at 294, 501 SE2d, at 527). Stated otherwise, a prior act of domestic violence can show the defendant’s actual course of conduct in reacting to anger in such a relationship.
The reasoning in Smith (supra) is particularly compelling when viewed in the context of the facts of the instant case. Here, the subsequent crime demonstrated that defendant, when confronted with strife in an intimate relationship, would respond not just with unprovoked violence but by using fire and a flammable liquid.*
In sum, when dealing with a crime of domestic violence evidence of other bad acts involving domestic violence is particularly probative and will often outweigh any unfair prejudice (People v Davis, 216 AD2d 485; People v Basir, supra). This is especially true in the instant case where defendant’s reaction to his girlfriend is of such a unique character.

 It should also be noted that the fact that the People’s Molineux application involved a subsequent bad act as opposed to a prior bad act is not determinative (cf., People v Ingram, 71 NY2d 474).