■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY UNDERWOOD, Appellant. [680 NYS2d 555] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered June 8, 1995, convicting him of assault in the second degree, criminal possession of a weapon in the third degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial because the court improperly permitted the People to introduce evidence relating to the defendant's prior assaults against the complainant. We disagree. It is well settled that "where the evidence of prior, uncharged criminal conduct has a bearing upon a material aspect of the People's case other than the accused's general propensity toward criminality * * * the probative value of the evidence justifies its admission, notwithstanding the potential for incidental prejudice" (*People v Santarelli,* 49 NY2d 241, 247; *see also, People v Alvino,* 71 NY2d 233). The defendant's contention notwithstanding, evidence that he previously assaulted the complainant was admissible to establish his motive and intent, and to refute his assertion that the complainant's injuries were accidental (*see, People v Molineux,* 168 NY 264; *People v Hamid,* 209 AD2d 716; *People v Montana,* 192 AD2d 623; *People v Vita,* 184 AD2d 742; *People v Carver,* 183 AD2d 907). Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.