■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN WHEELER, Appellant. [685 NYS2d 94] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered May 7, 1997, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of intentional murder for shooting the victim to death during an altercation. On appeal, the defendant contends that reversible error occurred because the prosecutor was permitted to elicit evidence that on a prior occasion he had hit the victim with a baseball bat. Contrary to the defendant's contention, evidence of the previous incident was properly admitted because it was relevant to the defendant's motive and intent, and precluded a possible defense of justification (*see, People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264; *People v Underwood,* 255 AD2d 405; *People v Hawker,* 215 AD2d 499; *People v Jordan,* 193 AD2d 890).

Furthermore, we find no merit to the defendant's claim that the court erred in refusing to charge manslaughter in the first degree as a lesser-included offense of murder. The court properly declined to charge the lesser offense because no reasonable view of the evidence would support a finding that when the defendant fired three shots into the victim's head at close range he intended to cause serious physical injury rather than death (*see, People v Glover,* 57 NY2d 61; *People v Kelly,* 221 AD2d 661, *cert denied* 517 US 1200; *People v Dennis,* 208 AD2d 945).

The defendant also contends that the court committed reversible error in submitting a verdict sheet which contained notations distinguishing between the counts of intentional and depraved indifference murder, and failed to instruct the jury, as required by CPL 310.20 (2), that "the sole purpose of the notations" was to distinguish between the counts. However, the defendant never alerted the court's attention to the omission of the required limiting instruction, or objected to the use of the phrase "intentional" to identify the count charging murder under Penal Law § 125.25 (1). CPL 310.20 (2), which was enacted effective October 4, 1996, permits a trial court to submit a verdict sheet which uses statutory language to distinguish between counts charging a violation of the same section of the law. Since the inclusion of such notations is now authorized by law, the slight deviation from the statutory language of Penal Law § 125.25 (1) and the omission of a limit-

ing instruction are errors which do not fall within the narrow category of fundamental defects in the mode of proceedings that may be reviewed on appeal as a matter of law even in the absence of a timely objection (*see, People v Agramonte,* 87 NY2d 765; *cf., People v Damiano,* 87 NY2d 477). Accordingly, the defendant's failure to object to the omission of the limiting instruction renders his contention unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.