■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL TORRES, Appellant. [702 NYS2d 24] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered April 28, 1998, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of 10 to 20 years, unanimously affirmed.

The court properly exercised its discretion in restricting defendant's questioning of prospective jurors about their attitudes towards a psychiatric defense.

Based on the existing record, we find that defendant was afforded meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). While some of counsel's behavior was discourteous, it did not prevent defendant from receiving a fair trial.

The court properly permitted the prosecutor to introduce evidence of defendant's prior acts of abuse against the complainant as proof of his intent to commit attempted murder (*People v Saunders*, 210 AD2d 164, *lv denied* 84 NY2d 1038; *People v Dunston*, 159 AD2d 387, *lv denied* 76 NY2d 734; *People v Negron*, 177 Misc 2d 851).

Defendant's challenges to various portions of the testimony of the People's psychiatric expert are unpreserved and we decline to review them in the interest of justice. Were we to

review these claims, we would find that the challenged testimony was admissible as part of the expert's "explanation reasonably serving to clarify his diagnosis and opinion" (CPL 60.55 [1]; *see also, People v Wernick*, 89 NY2d 111, 116).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.