■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR HOWARD, Appellant. [728 NYS2d 492] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered July 6, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's motion which were to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the four incidents of prior physical assaults and abuse of the victim were admissible to establish his motive and intent, and to refute his assertions that the victim's death was either accidental or the result of suicide (*see, People v Wheeler,* 257 AD2d 673; *People v Under-wood,* 255 AD2d 405; *People v Kovacs,* 255 AD2d 457; *People v Johnson,* 213 AD2d 675; *People v DeLeon,* 177 AD2d 641; *People v Shorey,* 172 AD2d 634). Moreover, the evidence was admissible as relevant background material to enable the jury to understand the nature of the defendant's relationship with the victim, who had been his girlfriend (*see, People v Shorey, supra*). The incident which occurred the morning of the same day of the crime was further admissible to complete the narrative of events regarding the commission of the crime (*see, People v James,* 262 AD2d 500; *People v Williams,* 247 AD2d 416; *People v DeLeon, supra*).

The defendant's contention that the statements he made to the police should have been suppressed is without merit. With regard to the statements which were not preceded by *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436), they were admissible because the defendant was not in custody at the time (*see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Ellerbe,* 265 AD2d 569, 570; *People v Hatzfeld,* 240 AD2d 758; *People v Maldonado,* 184 AD2d 590). The evidence at the suppression hearing disclosed that when these statements were made, the defendant was not considered a suspect by the police, was not handcuffed, and was taken home at the end of the day at his request and spent the night in his own home. The statement regarding the knife was admissible for the additional reason that it was spontaneous and voluntary, and not made in response to any question put to him by a po-

lice officer (*see, People v Buffa,* 266 AD2d 400). Accordingly, the knife which the police authorities subsequently retrieved was also admissible. In view of the foregoing, the defendant's statements made after *Miranda* warnings were given suffered no taint and were admissible, since they were made following a knowing and intelligent waiver of the defendant's rights.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Goldstein, J. P., McGinity, Luciano and Crane, JJ., concur.