■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCCO CALDAROLA, Appellant. [732 NYS2d 360] —Appeal by the defendant from a judgment of the County Court, Putnam County (Sweeny, J.), rendered July 14, 1998, convicting him of rape in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, five instances of prior bad acts toward the complainant were admissible to complete the narration and to demonstrate the intentional use of force, thereby contradicting the defendant's claim of consensual sex (*see, People v Howard,* 285 AD2d 560; *People v Cook,* 251 AD2d 1033, *affd* 93 NY2d 840; *People v Shorey,* 172 AD2d 634, 635). In addition, the court providently exercised its discretion in weighing the probative value of the evidence against its prejudicial effect (*see, People v Hudy,* 73 NY2d 40, 55; *People v Alvino,* 71 NY2d 233, 242; *People v Carver,* 183 AD2d 907; *People v Thompson,* 158 AD2d 563).

The defendant's remaining contentions are without merit. Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE CUMMINGS, Appellant. [732 NYS2d 362] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered June 8, 2000, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to counsel at a lineup. However, the record establishes that defense counsel was made aware that the lineup was about to begin, which belies the claim that she, in effect, was excluded from being present at the lineup. Under these circumstances, the hearing court properly determined that the defendant was not deprived of his right to counsel and properly refused to suppress the identification testimony (*see, People v Pena,* 242 AD2d 546). O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.