■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WRIGHT, Appellant. [733 NYS2d 225] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered June 10, 1998, convicting him of

burglary in the first degree, assault in the second degree, aggravated criminal contempt, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although not admissible to show a defendant's general criminal propensity, evidence of a defendant's past uncharged criminal behavior may be admitted if it is relevant to a material aspect of the People's direct case, or because of some recognized exception to the rule, such as motive, intent, mistake of fact, common scheme or plan, or the identity of the defendant (*see, People v Alvino,* 71 NY2d 233, 241; *People v Santarelli,* 49 NY2d 241; *People v Molineux,* 168 NY 264, 293). In such cases, the court may admit the evidence in its discretion if its probative value outweighs the potential for prejudice, provided that the court gives a proper limiting instruction to the jury (*see, People v Satiro,* 72 NY2d 821).

Contrary to the defendant's contention, the evidence of his prior abuse of and physical assaults against the complainant was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant, his ex-girlfriend, and as evidence of the defendant's motive, intent, and identity (*see, People v Molineux, supra; People v Caldarola,* 288 AD2d 234; *People v Howard,* 285 AD2d 560; *People v Shorey,* 172 AD2d 634). In addition, the incidents that occurred in the days before the crime were admissible to complete the narrative of events regarding the commission of the crime (*see, People v James,* 262 AD2d 500; *People v DeLeon,* 177 AD2d 641). Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.