■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD JONES, Appellant. [734 NYS2d 846] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered May 17, 1999, convicting him of murder in the second degree, aggravated criminal contempt, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he is entitled to reversal because of the admission of testimony relating to his prior bad acts against the decedent and her family (*see, People v Molineux,* 168 NY 264, 293). We disagree. The trial court's *Ventimiglia* ruling (*see, People v Ventimiglia,* 52 NY2d 350), struck a balance which allowed the People to use only six of the possible 11 prior bad acts of the defendant. The trial court properly found that these six incidents were probative. At trial, of the six permissible incidents, the People introduced evidence of

only three. The defendant claims that the People went beyond the *Ventimiglia* ruling by introducing testimony concerning an incident which the trial court did not specifically deem probative.

While there is evidence in the record to support the defendant's argument, any error was harmless in light of the overwhelming evidence of his guilt (*see, People v Kello,* 96 NY2d 740, 744; *People v Cook,* 42 NY2d 204, 209; *People v Crimmins,* 36 NY2d 230, 240; *People v Cody,* 149 AD2d 722). Moreover, the other prior bad act evidence which was introduced at trial was properly admitted, as it was probative of the defendant's motive and intent (*see, People v Corella,* 281 AD2d 428, *lv denied* 96 NY2d 827; *People v Wheeler,* 257 AD2d 673; *People v Hawker,* 215 AD2d 499), by showing that the shooting of the decedent was intentional rather than an accident or a matter of self-defense.

The defendant's remaining contentions are without merit. O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.