Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered September 25, 2001, convicting him of criminal contempt in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the trial court properly permitted the prosecution to introduce evidence of his past threatening conduct toward the complainant. This evidence was relevant background material to enable the jury to understand the defendant’s relationship with the complainant, to explain the issuance of an order of protection, and to prove the defendant’s intent to violate a subsequent order of protection (see People v Lawrence, 297 AD2d 290, 291 [2002]; People v Howe, 292 AD2d 542 [2002]; People v Wright, 288 AD2d 409, 410 [2001]; People v Howard, 285 AD2d 560 [2001]).
Moreover, the trial court providently exercised its discretion in denying the defendant’s motion for a mistrial based on a brief reference during the complainant’s re-direct examination to past physical abuse by the defendant. The trial court sustained defense counsel’s objection to the testimony, struck it from the record, and gave an immediate curative instruction. This was sufficient to protect the defendant’s rights (see People *532 v Vilsaint, 293 AD2d 555, 556 [2002]; People v Howe, supra; People v Brown, 249 AD2d 320 [1998]), particularly because defense counsel had already elicited the information contained in the statement during cross-examination (see People v Carillo, 297 AD2d 288, 289 [2002]). Altman, J.P., Smith, Friedmann and Crane, JJ., concur.