■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TORRES, Appellant. [787 NYS2d 102]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered April 30, 2001, convicting him of attempted murder in the second degree, assault in the first degree (two counts), and reckless endangerment in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, he was not denied a fair trial when the Supreme Court permitted the People to elicit testimony from the complainant concerning a prior incident in which the defendant, her boyfriend, ripped the steering wheel out of her car during an argument between them. The testimony was probative of the relationship between the complainant and

the defendant, which was indicative of the defendant's motive and intent (*see People v Wright,* 288 AD2d 409 [2001]; *People v Howard,* 285 AD2d 560 [2001]; *People v Wheeler,* 257 AD2d 673 [1999]; *People v Underwood,* 255 AD2d 405 [1998]). The probative value of the evidence outweighed its prejudicial effect (*see People v Hudy,* 73 NY2d 40, 55 [1988]; *People v Alvino,* 71 NY2d 233, 242 [1987]), particularly since the Supreme Court precluded the People from eliciting any evidence that the defendant had assaulted or threatened the complainant during the prior incident.

The defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the record as a whole reveals that the defendant was afforded meaningful representation (*see People v Henry,* 95 NY2d 563 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *cf. People v Stultz,* 2 NY3d 277 [2004]). The defendant failed to demonstrate that there were no strategic or other legitimate explanations for his attorney's alleged shortcomings, and therefore failed to overcome the presumption that "counsel acted in a competent manner and exercised professional judgment" (*People v Rivera,* 71 NY2d 705, 709 [1988]; *see People v Taylor,* 1 NY3d 174, 177 [2003]; *see also Strickland v Washington,* 466 US 668, 688-690 [1984]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.