THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW JAMES, Appellant. [797 NYS2d 129]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered February 25, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, evidence of his prior assaults upon the decedent was properly introduced into evidence. Although evidence of prior crimes is not admissible to show a defendant's predisposition to criminal conduct (*see People v Molineux*, 168 NY 264, 291-293 [1901]), evidence of prior criminal conduct is admissible, as it was here, when it is relevant to prove the defendant's intent, to refute his assertion that the decedent's death was accidental, and to provide the relevant background material to enable the jury to understand the nature of the defendant's relationship with the decedent (*see People v Molineux, supra; People v Wright*, 288 AD2d 409, 410 [2001]; *People v Howard*, 285 AD2d 560 [2001]; *People v Underwood*, 255 AD2d 405, 406 [1998]; *People v Shorey*, 172 AD2d 634 [1991]). The probative value of these prior uncharged criminal acts was not outweighed by the prejudicial effect of their admission (*see People v Cook*, 93 NY2d 840, 841 [1999]), especially in light of the fact that the trial court properly charged the jury on how to use the prior act evidence in their delibera-

tions (*see People v Satiro*, 72 NY2d 821, 822 [1988]; *People v Melendez*, 8 AD3d 680, 681 [2004]; *People v Wright, supra*).

Equally without merit under the facts of this case is the defendant's contention that the trial court erred in admitting into evidence the decedent's hospital records pertaining to a prior assault at the hands of the defendant, as the statements made by the decedent therein, and as testified to at trial by the nurse who treated the decedent, were germane to the decedent's then medical diagnosis and treatment (*see* CPLR 4518; *People v Caccese*, 211 AD2d 976, 977-978 [1995]). The trial court also properly permitted, under the excited utterance exception to the hearsay rule, a police officer to testify at trial concerning a statement that the decedent had given him in November 2000 that the defendant had beaten her (*see People v Cotto*, 92 NY2d 68 [1998]; *People v Brown*, 70 NY2d 513, 518 [1987]; *cf. People v Johnson*, 1 NY3d 302 [2003]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt (*see* Penal Law § 125.25 [2]). Moreover, under the facts of this case, the trial court correctly declined to charge the jury with manslaughter in the second degree as a lesser-included offense of depraved indifference murder since there was no reasonable view of the evidence that the defendant committed the lesser offense and not the greater offense (*see* CPL 300.50 [1]; *People v Libardi*, 12 AD3d 534, 535 [2004], *lv denied* 4 NY3d 765 [2005]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.