■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TORRES, Appellant. [813 NYS2d 308]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 20, 2004 (*People v Torres*, 13 AD3d 562 [2004]), affirming a judgment of the Supreme Court, Queens County, rendered April 30, 2001.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Krausman, Spolzino and Lifson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES VAUGHN, Appellant. [813 NYS2d 309]—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered June 20, 2002, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Florio, J.P., Miller, Adams and Skelos, JJ., concur.