McCarthy, J.R
(dissenting). Because the record does not support the conclusion that defendant preserved the issue or that he was provided ineffective assistance of counsel, I respectfully dissent. The majority concludes that, based on statements that defendant and his counsel made at a sentencing hearing, counsel conceded to having advised defendant that he would be able to raise a grand jury issue on appeal, despite defendant having pleaded guilty and having waived his right to appeal. The majority finds that County Court ought to have interpreted the statements in the same manner that the majority now does and concluded that counsel was describing erroneous legal advice — despite no one arguing that it was erroneous legal advice or seeking any legal relief whatsoever from the court— and that therefore defendant preserved the contention that his plea was involuntary based upon ineffective assistance of counsel. Further, and rather than answering the purely legal question of whether defendant’s contentions even amounted to a prima facie ineffective assistance of counsel claim, the majority determines that it ought to remit and “refer[ ]” the issue to County Court for further inquiry. Contrary to these conclusions, defendant’s contention is not preserved, and, even assuming that he received erroneous legal advice, he failed to make out a prima facie claim that he was deprived of meaningful representation. Accordingly, the judgment should be affirmed.
Initially, “[w]hile defendant’s waiver of his right to appeal does not bar his ineffective assistance of counsel claim insofar as it relates to the voluntariness of his plea, his failure to move *726 to withdraw his plea or vacate the judgment of conviction renders such claim unpreserved for our review” (People v Dorouch, 59 AD3d 781, 781 [2009] [citations omitted], lv denied 12 NY3d 853 [2009]; see People v Lord, 128 AD3d 1277, 1278 [2015]; People v Royce, 122 AD3d 1008, 1009 [2014]; People v Ildefonso, 89 AD3d 1327, 1327 [2011] j.[1] Moreover, defendant made no statements during the plea colloquy that would bring this contention within the narrow exception to the preservation requirement (see People v Pickett, 128 AD3d 1275, 1276 [2015], lv denied 26 NY3d 933 [2015]).
Even if I assumed, for the sake of argument, that the majority correctly interprets the record in concluding that defense counsel indicated that she advised defendant that he could raise his grand jury claim on appeal,[2] defendant would still have failed as a matter of law to establish any resulting prejudice. With regard to a guilty plea, in order to establish an ineffective assistance of counsel claim pursuant to the federal constitution, a defendant must prove, among other things, “that there is a reasonable probability that, but for counsel’s errors, he [or she] would not have pleaded guilty and would have insisted on going to trial” (Hill v Lockhart, 474 US 52, 59 [1985]; accord People v McDonald, 1 NY3d 109, 114 [2003]). Here, defendant failed to make even a prima facie showing of prejudice given that he made no assertion that, but for his *727 belief that he could seek appellate review of the grand jury issue, he would not have pleaded guilty.[3] Accordingly, defendant failed to make out a prima facie federal constitutional claim of ineffective assistance of counsel (see People v McDonald, 1 NY3d at 115; compare People v Williams, 72 AD3d 1347, 1348 [2010]).
Finally, defendant also failed to make a prima facie claim that he was, despite the absence of prejudice, deprived of meaningful representation pursuant to the NY Constitution. “So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met” (People v Baldi, 54 NY2d 137, 147 [1981] [citations omitted]; accord People v Rivera, 71 NY2d 705, 708 [1988]). Even if defendant’s grand jury contention could survive his guilty plea and his appeal waiver, it would be unpreserved for our review — a fact that the majority concedes — given his failure to raise this specific claim in his motion to dismiss the indictment (see People v Miller, 27 AD3d 1017, 1018 [2006]; People v Stabb, 9 AD3d 738, 739 [2004], lv denied 3 NY3d 712 [2004]). Further, defendant does not contend that defense counsel ought to have raised the issue in the motion to dismiss the indictment; this may be for good reason, as a review of the grand jury minutes establishes that there is no factual basis for defendant’s assertion that a friend and neighbor served on the grand jury. Thus, the single, nonprejudicial error that the majority finds warrants remittal was counsel’s legal advice regarding the merits of an unpreserved issue that counsel may have already investigated and determined had no factual basis.
Moreover, meaningful representation inquiries must consider the representation as a whole. After defendant was charged with two class C felonies and two class D felonies (see Penal Law §§ 220.06, 220.34), his counsel secured a plea bargain to one class D felony, which automatically reduced defendant’s maximum exposure from any single count from a prison term of 5V2 years to a prison term of 2V2 years (compare Penal Law § 70.70 [2] [a] [ii] with Penal Law § 70.70 [2] [a] [iii]). In addition, terms of the plea agreement capped defendant’s potential incarceration to a six-month jail term. Further, after defense *728 counsel’s advocacy in regard to sentencing, and despite the fact that defendant had previous misdemeanor convictions for petit larceny, criminal trespass, criminal contempt and criminal sale of marihuana, County Court imposed a sentence that included no incarceration. Considering the representation as a whole, and particularly noting the fact that defendant was not prejudiced by any alleged error and otherwise received an extremely favorable outcome, defendant failed to make a prima facie showing that he was deprived of meaningful representation (People v Briggs, 138 AD3d 1355, 1356 [2016]; People v Pickett, 128 AD3d at 1276; People v Wares, 124 AD3d 1079, 1081 [2015], lv denied 25 NY3d 993 [2015]; People v Carlton, 120 AD3d 1443, 1444-1445 [2014], lv denied 25 NY3d 1070 [2015]). Given that defendant’s remaining arguments are also without merit, I would affirm.
Ordered that the order is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. According to the majority’s logic, the fact that an alleged error occurs before a trial court “brfings] to County Court’s attention” the error, thereby preserving it. That logic is directly contrary to the legal requirement that a litigant such as defendant “expressly or impliedly s[eek] or request] ] a particular ruling or instruction” in order to preserve an issue (CPL 470.05 [2]). One cannot conclude that defendant, in making a statement about his desire to appeal that did not even reference his guilty plea, impliedly sought to withdraw or vacate his guilty plea based on ineffective assistance of counsel. Further, it is unreasonable to expect that County Court should have concluded that defendant was attempting to make out an ineffective assistance of counsel claim based on the colloquy that occurred at sentencing, particularly in light of defendant’s previous assurance, at the time of the plea, that he was satisfied with the services of counsel.

. At no point in the colloquy did counsel state that she advised defendant that his grand jury issue could be reviewed by an appellate court; in the midst of a larger discussion, she stated that “[defendant] certainly can appeal it.” It is ambiguous what “it” refers to in this context, since it could either mean the judgment — describing correct legal advice — or defendant’s particular grand jury issue — describing incorrect legal advice. The majority’s decision to resolve this ambiguity in favor of the conclusion that counsel gave erroneous legal advice is difficult to reconcile with our obligation to employ a presumption of competence on the part of an attorney in the context of an ineffective assistance of counsel claim (see Strickland v Washington, 466 US 668, 689 [1984]; People v Rivera, 71 NY2d 705, 709 [1988]; People v Torres, 13 AD3d 562, 563 [2004]; People v Vecchio, 228 AD2d 820, 821 [1996]).

. The burden of proving ineffective assistance of counsel is on a defendant and not on a trial court. There is no basis in law for the majority’s conclusion that County Court, in the midst of conducting a sentencing hearing, was required to conduct a “further inquiry to ascertain whether defendant wished to go forward with the plea.”