■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered April 4, 1980, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress his statements.

Judgment affirmed.

The court properly determined that there was probable cause to arrest defendant at the time he was escorted by police agents from his grandmother's house to the 13th Division Homicide Zone. Probable cause to arrest defendant existed based on, inter alia, statements made by two other individuals who had been arrested prior to defendant's apprehension, and who had implicated him in the murder. Defendant lacks standing to challenge the use of those statements as the basis for his arrest, even assuming they were unconstitutionally obtained (see, People v Thomas, 103 AD2d 854, 855; see also, People v Henley, 53 NY2d 403).

Furthermore, the hearing court properly found that defendant's confession was made in an investigatory, rather than custodial setting. In any event, defendant had been given the Miranda warnings prior to the taking of the statement.

We further note that since defendant was not in custody when he made his statement, even if probable cause to arrest defendant had been lacking, suppression of the subsequent statement would not be warranted (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851; People v Hoff, 110 AD2d 782, 784; People v Oates, 104 AD2d 907).

Turning to defendant's remaining contentions, we find that his trial counsel explicitly approved of that portion of the court's charge which defendant now claims was inadequate. This claim of error is therefore beyond the scope of our review as a matter of law (CPL 470.05 [2]). Moreover, we see no reason to review this claim of error in the interest of justice. Finally, there was ample proof of defendant's complicity in the murder of the victim during the course of a robbery, so that defendant's guilt was proven beyond a reasonable doubt. Mollen, P. J., O'Connor, Niehoff and Eiber, JJ., concur.