■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. HATZFELD, Appellant. [660 NYS2d 29] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Jones, J.), rendered November 16, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we conclude that he was not in custody when he accompanied the police to their headquarters since a reasonable person in the defendant's position would have considered himself free to leave at that time. The questioning by the police at that point was investigatory rather than accusatory. Moreover, the defendant was allowed to lock up his car and voluntarily accompanied them to police headquarters. He was not handcuffed or searched and was cooperative during questioning. In view of the foregoing, the hearing court properly determined that the defendant's statements should not have been suppressed (*see, People v Centano,* 76 NY2d 837; *People v Yukl,* 25 NY2d 585). In addition, the evidence supports the hearing court's determination that the police informed the defendant of his *Miranda* rights prior to the point in time that he was no longer free to leave and that he knowingly, intelligently, and voluntarily waived his rights. Accordingly, his subsequent statements were properly admitted into evidence.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.