■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILFREDO VALENTIN, Appellant. [696 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Leavitt, J.), rendered June 9, 1997, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On May 11, 1996, the defendant participated in the armed robbery of the Excellent Chinese Restaurant in Yonkers. During the course of the robbery, the defendant shot and killed one of the restaurant's employees.

Several days after the crime, three police detectives observed the defendant, his mother, and his sister, at a bus stop, and approached them for questioning. The defendant's mother informed the detectives that she had heard that the police were looking for her son, and that she was taking her son to speak to the police. The detectives offered the defendant and his family a ride, and he accepted. One detective waved down a patrol car to escort the defendant's mother and sister while the defendant entered the unmarked car with the three detectives.

The weight of the evidence produced at the pretrial hearing established that, after his arrival at the precinct, the defendant was read his Miranda rights (see, Miranda v Arizona, 384 US 436) before the beginning of questioning, and that he understood and waived those rights. The evidence also shows that the defendant was not handcuffed, that he was given iced

tea and a cigarette, and that the detectives questioned the defendant in a conversational tone. The evidence adduced at the hearing also reveals that the defendant was given an opportunity to speak to his mother, and an opportunity to reread his *Miranda* rights prior to making his inculpatory statement.

We agree with the trial court that the defendant was not in custody until after he made his inculpatory statement (*see, e.g., People v Gonzalez,* 246 AD2d 555; *People v Parsad,* 243 AD2d 510). In any event, the defendant knowingly and voluntarily waived his *Miranda* rights before he gave the statement (*see, Miranda v Arizona, supra*). The defendant's argument that his confession should have been suppressed is without merit.

Viewing the evidence in a light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.