■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAIN PIERRE, Appellant. [751 NYS2d 500] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered December 21, 2000, convicting him of criminal possession of stolen property in the fourth degree and criminal possession of a forged instrument in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to a law enforcement official.

Ordered that the judgment is affirmed.

The defendant contends that the evidence recovered from his motel room without a warrant should have been suppressed. We disagree. The evidence at the hearing established that the defendant's girlfriend opened the motel room with a key, where the police officers observed, inter alia, men's and women's clothing strewn about the room, as well as on hangers in the closet. An objective evaluation of the evidence indicates that the defendant's girlfriend had apparent authority to consent to the search, and that the police properly relied on that apparent authority (*see People v Adams,* 53 NY2d 1, 8-10; *People v Venable,* 192 AD2d 565; *People v George,* 150 AD2d 486).

The hearing court also properly denied that branch of the defendant's motion which was to suppress his statement to the police approximately two to three hours after the police administered *Miranda* warnings (*see Miranda v Arizona,* 384 US 436). Contrary to the defendant's contention, the police were not obligated to readminister *Miranda* warnings since he voluntarily and intelligently waived his rights and remained in continuous custody (*see People v Thomas,* 233 AD2d 347; *People v Baker,* 208 AD2d 758; *People v Vasquez,* 183 AD2d 864; *People v Glinsman,* 107 AD2d 710, *cert denied* 472 US 1021).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.