■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MILORO, Appellant. [804 NYS2d 372]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered December 20, 2001, convicting him of rape in the first degree, robbery in the second degree, assault in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.H.O., at hearing; Grosso, J., on decision), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying that branch of his omnibus motion which was to suppress physical evidence seized from his apartment since police officers obtained the evidence when they allegedly unlawfully entered his premises. A party, such as a spouse, who shares a common right of access or control to property with a defendant, may voluntarily consent to the search of the property (*see United States v Matlock*, 415 US 164 [1974]; *People v Cosme*, 48 NY2d 286, 290 [1979]). "[W]here the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that that individual does, in fact, have the authority to consent, evidence obtained as the result of such a search should not be suppressed" (*People v Adams*, 53 NY2d 1, 9 [1981], *cert denied* 454 US 854 [1981]). The police officers lawfully entered the apartment since the defendant's wife, the complainant, who shared the apartment with the defendant, consented to their entry.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.