■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILES HASTY, Appellant. [807 NYS2d 647]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered September 15, 2003, convicting him of manslaughter in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his written and videotaped statements were properly admitted into evidence. "It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (*People v Glinsman*, 107 AD2d 710 [1985], *lv denied* 64 NY2d 889 [1985], *cert denied* 472 US 1021 [1985]; *see People v Pierre*, 300 AD2d 324 [2002]; *People v Baker*, 208 AD2d 758 [1994]). Here, unlike the cases cited, the defendant was not in police custody when the *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) were first administered, nor was he the target of the police investigation when he first waived his *Miranda* rights. Nevertheless, this is a distinction without a difference (*see People v Valentin*, 264 AD2d 788 [1999]; *People v Hatzfeld*, 240 AD2d 758 [1997]; *People v Williams*, 115 AD2d 627 [1985]; *People v Oates*, 104 AD2d 907 [1984]). The defendant continuously remained at the precinct from the time he voluntarily accompanied the police from his home to the precinct until the time he made his first incriminating statement.

The totality of the circumstances do not compel us to find that renewed warnings were necessary (*see Wyrick v Fields*, 459 US 42, 48 [1982]; *cf. People v Zappulla*, 282 AD2d 696, 697-698 [2001]). The defendant was not deprived of food, sleep, bathroom privileges, or the like. By all accounts, the defendant remained at the precinct to follow the investigation on his own volition. The defendant was not subject to intimidation or coercion before making his incriminating statements. Police Lieutenant Christopher White's statements to the defendant regarding the results of the investigation were not so fundamentally unfair

as to deny the defendant due process of law by inducing a false confession (*see People v Tarsia*, 50 NY2d 1, 11 [1980]; *People v Joseph*, 309 AD2d 946, 947 [2003]; *People v Foster*, 193 AD2d 692 [1993]).

The defendant's contention that his sentencing as a discretionary persistent felony offender (*see* Penal Law § 70.10 [2]) violated his constitutional right to a jury trial pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* — US —, 126 S Ct 564 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.