THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFINO SINGSON, Appellant. [837 NYS2d 687]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Weinberg, J.), rendered May 16, 2005, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ort, J.), pursuant to stipulation in lieu of motions, of the suppression of physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying suppression of physical evidence seized from his house when the police conducted an illegal search. "[W]here the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that that individual does, in fact, have the authority to consent, evidence obtained as the result of such a search should not be suppressed" (*People v Adams,* 53 NY2d 1, 9 [1981]). Here, the police officer reasonably relied in good faith upon the defendant's wife's apparent authority to consent to the search of the bedroom closet and the unlocked case which contained the seized weapon (*see People v Adams, supra; People v Fontaine,* 27 AD3d 1144 [2006]; *People v Miloro,* 22 AD3d 768, 769 [2005]).

The defendant's argument that his conviction was not based upon legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bailey,* 19 AD3d 431, 432 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant illegally possessed an operable weapon (*see* Penal Law § 265.01 [1]; *People v Longshore,* 86 NY2d 851, 852 [1995]; *People v Hilaire,* 270 AD2d 359, 359-360 [2000]). Contrary to the defendant's contention, the prosecution was not required to establish that the weapon was recovered with live ammunition (*see People v Longshore, supra*).

Although the court erred in denying the defendant's motion for severance on the ground that the counts were not properly joined for trial (*see* CPL 200.20 [2]), the error was harmless in light of the overwhelming evidence of the defendant's guilt and the lack of any prejudice to the defendant as a result of the joint trial (*see People v Ortiz,* 23 AD3d 499, 500 [2005]; *People v Jones,* 301 AD2d 678, 680 [2003]; *People v Newton,* 298 AD2d 896, 897 [2002]).

Contrary to the defendant's contentions, he was not deprived of his due process right to be present at all material stages of trial. The three conferences conducted outside of his presence concerned issues of law and, as such, "did not implicate his peculiar factual knowledge or otherwise present the potential for his meaningful participation" (*People v Fabricio*, 3 NY3d 402, 406 [2004]). Accordingly, his due process right to be present at such conferences was not implicated (*id.; People v Rodriguez*, 85 NY2d 586, 591 [1995]; *People v Dokes*, 79 NY2d 656, 661 [1992]).

The defendant failed to preserve for appellate review his contention that the court improperly commented on the operability of the weapon when explaining to the jury the safety precautions a court officer was to undertake with respect to the weapon before it was marked as an exhibit (*see* CPL 470.05 [2]). In any event, the court's comment was not improper, and to the extent that the jury may have misinterpreted the court's statement, the court instructed the jury that the court had no opinion as to the defendant's guilt or innocence and that it was the jury's role to determine the issues of fact. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.