THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ARROYO, Appellant. [3 NYS3d 418]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered March 12, 2010, convicting him of rape in the first degree, facilitating a sexual offense with a controlled substance, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. The evidence presented at the suppression hearing demonstrated that the complainant effectively consented to the police entry into and search of a motel room, in which both she and the defendant were occupants (see People v Pierre, 300 AD2d 324 [2002]; People v Schof, 136 AD2d 578, 578-579 [1988]). The complainant had apparent authority to consent to the entry into and search of the motel room, and the police properly relied on that apparent authority (see People v

*Pierre,* 300 AD2d 324 [2002]). Furthermore, the evidence presented at the suppression hearing established that the defendant's statements to the police were voluntarily made (*see People v Fonseca,* 121 AD3d 915, 915-916 [2014]).

The defendant's contention that there was legally insufficient evidence to convict him of rape in the first degree because the People failed to establish the element of sexual intercourse is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484, 492 [2008]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of rape in the first degree beyond a reasonable doubt (*see* Penal Law § 130.35 [2]; *People v West,* 105 AD3d 781, 781-782 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor's comments during summation deprived him of his right to a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the prosecutor's comments did not deprive the defendant of a fair trial, as the challenged comments were either a fair response to the defendant's attack on the credibility of the People's witnesses, or were within the bounds of appropriate argument based on the evidence (*see People v Galloway,* 54 NY2d 396, 399 [1981]; *People v Ashwal,* 39 NY2d 105, 109-110 [1976]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.