People v Bell (2020 NY Slip Op 00215)





People v Bell


2020 NY Slip Op 00215


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10742 2469/16

[*1] The People of the State of New York, Respondent,
v
Rashuan Bell, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J. at denial of Dunaway hearing; Daniel P. Conviser, J. at suppression hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered May 19, 2017, convicting defendant of criminal contempt in the first degree, and sentencing him to a term of 1&frac13; to 4 years, unanimously affirmed.
The verdict was not against the weight of the evidence
(see People v Danielson, 9 NY3d 342, 348—349 [2007]). Among other things, the evidence supports reasonable inferences that defendant signed the order of protection at issue, that he was aware of its duration and requirements, and that, in particular, he knew the order prohibited him from assaulting the victim. The hearing court, which suppressed defendant's initial oral statement as involuntary, properly denied suppression of defendant's subsequent videotaped statement, made after such attenuating factors as a pronounced break of at least nine hours, a change of locations, a change of interrogators (with the original interrogator merely present), and renewed Miranda warnings (see People v Paulman, 5 NY3d 122, 131 [2005]). The court also properly determined that the existence of defendant's pending case in Queens County, and the order of protection issued in that case against the same victim in this case, which gave rise to the contempt charge here, did not preclude the videotaped questioning (see People v Cohen, 90 NY2d 632, 638-640 [1997]). In the first place, as the hearing court found, there was no evidence that defendant was represented by counsel on the Queens case at the time of his interrogation on the present case; defendant bore the burden of proof on this factual matter (see People v Rosa, 65 NY2d 380, 386-387 [1985]), which was not expressly conceded by the People. In any event, even assuming such representation existed, there were no circumstances warranting imputation to the interrogators of constructive knowledge of the representation at the time the questioning took place (see People v Lopez, 16 NY3d 375, 382-386 [2011]). Furthermore, the Queens case was not so related to the present case as to preclude inquiry (see People v Henry, 31 NY3d 364, 368 [2018]), because even though the Queens order of protection ultimately became the basis of the contempt charge at issue on appeal, defendant was only questioned about whether he had assaulted the victim that day.
The motion court correctly determined that defendant's conclusory claim of a lack of probable cause did not raise a factual dispute warranting a hearing on the branch of defendant's suppression motion seeking to suppress his statements as the fruit of an allegedly unlawful arrest (see Dunaway v New York, 442 US 200 [1979]). At the time of his motion, defendant had ample information about the basis for his arrest, and he had the "burden to supply the motion court with any relevant facts he did possess" (People v Jones, 95 NY2d 721, 729 [2001]).
After conducting a sufficient inquiry, the court providently exercised its discretion in denying defendant's midtrial request for new counsel. Defendant did not demonstrate good cause for a substitution (see generally People v Linares, 2 NY3d 507, 510 [2004]), and defendant was not entitled to circumvent the requirement of good cause by using a meritless disciplinary [*2]complaint against his attorney as a device to manufacture an artificial conflict (see e.g. People v Walton, 14 AD3d 419, 420 [1st Dept 2005], lv denied 5 NY3d 796 [2005]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK