People v Istvan (2020 NY Slip Op 01080)





People v Istvan


2020 NY Slip Op 01080


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-01085
 (Ind. No. 13/16)

[*1]The People of the State of New York, respondent,
v
Steven Istvan, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant, and appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Craig Stephen Brown, J.), rendered December 16, 2016, convicting him of assault in the first degree and aggravated criminal contempt, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337). The defendant's valid waiver precludes appellate review of his contention, raised in his pro se supplemental brief, that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256).
Contrary to the People's contention, the defendant's valid waiver of his right to appeal does not preclude appellate review of his challenge to the voluntariness of his plea (see People v Seaberg, 74 NY2d 1, 10; People v Molina, 146 AD3d 815). During the plea allocution, the defendant made certain comments on the record that called into question the voluntariness of the plea (cf. People v Lopez, 71 NY2d 662, 666). At that point, the County Court indicated that it would not accept the defendant's plea of guilty based on the allocution that had occurred. The court then fulfilled its duty to inquire further to ascertain that the defendant's plea of guilty was knowing and voluntary. It also afforded the defendant additional time to consult with counsel. Following the court's additional inquiry, the defendant did not thereafter equivocate or raise further objection, and he did not seek to withdraw the plea. Accordingly, his contention that the plea was not knowing and voluntary is unpreserved for appellate review (see People v Williams, 27 NY3d 212; People v Lopez, 71 NY2d at 667-668; People v Diaz, 164 AD3d 519, 520; People v Squitieri, 157 AD3d 911, 911; People v Amay, 156 AD3d 895, 896). In any event, the court's colloquy with the defendant established that the plea was knowing, voluntary, and intelligent (see People v Lopez, 71 NY2d at 667).
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court