People v Downey (2020 NY Slip Op 02059)





People v Downey


2020 NY Slip Op 02059


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-02202
 (Ind. No. 1624/17)

[*1]The People of the State of New York, respondent,
v
Lenwood Downey, appellant.


Robert DiDio, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Sharon Y. Brodt, and Russell Shapiro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gia Lynne Morris, J.), rendered February 13, 2019, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination denying those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. A party who shares a common right of access or control to property with a defendant may voluntarily consent to the search of the property (see United States v Matlock, 415 US 164; People v Cosme, 48 NY2d 286, 290). "Where a person with ostensible authority consents to police presence on the premises, either explicitly or tacitly, the right to be secure against warrantless arrests in private premises as expressed in Payton v New York (445 US 573) is not violated" (People v Russo, 243 AD2d 658, 659; see People v Bunce, 141 AD3d 536). "[C]onsent can be established by conduct as well as by words" (People v Gonzalez, 222 AD2d 453, 453; see People v Satornino, 153 AD2d 595, 595; People v Davis, 120 AD2d 606, 606- 607). With respect to apparent authority, "where the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that . . . individual does, in fact, have the authority to consent, evidence obtained as the result of such a search should not be suppressed" (People v Adams, 53 NY2d 1, 9; see People v Miloro, 22 AD3d 768, 769).
Here, the complainant called 911, and two officers responded to the subject residence after receiving a radio dispatch that the complainant had been assaulted by the defendant, who is her uncle. When the officers arrived at the premises, the complainant informed them that the defendant had assaulted her inside their home. When an officer asked her which house was hers, the complainant pointed to the residence. A short time later, the complainant again pointed toward the residence and told an officer that the defendant had just gone inside, and she entered the front door of the residence with the officer. This conduct was sufficient to establish that the complainant gave [*2]her consent for the police to enter the residence, and that the police officers reasonably relied in good faith upon the complainant's apparent authority.
In light of our determination, we need not reach the parties' remaining contentions.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court