People v Massey (2020 NY Slip Op 05227)





People v Massey


2020 NY Slip Op 05227


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-08543
 (Ind. No. 2065/17)

[*1]The People of the State of New York, respondent,
v
Obataiye Massey, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered June 27, 2018, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with selling a controlled substance to an undercover officer on January 6, 2017, in Suffolk County. In an order dated March 26, 2018, the County Court denied that branch of the defendant's omnibus motion which was to suppress the drugs. The defendant thereafter pleaded guilty to attempted criminal sale of a controlled substance in the third degree.
During the plea proceeding, the defendant readily admitted that he was present at the location at the time of the attempted sale of a controlled substance to an undercover officer, but he initially denied selling the drugs to the officer. Upon further questioning by the County Court, however, the defendant confirmed that he sold the drugs to the undercover officer. The defendant did not object to the sufficiency of the court's further inquiry, and he did not move to withdraw his plea of guilty. Accordingly, his contention that his plea of guilty was not knowing and voluntary and that the court failed to adequately inquire into the voluntariness of his plea is unpreserved for appellate review (see People v Diaz, 164 AD3d 519, 520; People v Squitieri, 157 AD3d 911, 911). Contrary to the defendant's contention, the "rare case" exception to the preservation requirement is not applicable here (People v Lopez, 71 NY2d 662, 666). In any event, the court's colloquy with the defendant established that the plea was knowing, voluntary, and intelligent (see People v Diaz, 164 AD3d at 520). Moreover, the court was not required to inquire into a possible defense, since nothing in the record suggested that a defense might exist (see People v Cassadean, 160 AD3d 655, 656; People v Ross, 52 AD3d 624; People v Washington, 186 AD2d 834).
We agree with the County Court's determination to deny, without a hearing, that branch of the defendant's omnibus motion which was to suppress the drugs as the product of an unlawful search and seizure and an unlawful arrest. The defendant's supporting papers were conclusory and failed to set forth factual allegations sufficient to warrant a hearing (see CPL 710.60[3][b]; People v Garay, 25 NY3d 62, 72; People v Mendoza, 82 NY2d 415, 426; People v Rose, 178 AD3d 1091, 1093; People v Newmark, 155 AD3d 974; People v Robinson, 118 AD3d 1028).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court