People v Mauro (2021 NY Slip Op 04618)





People v Mauro


2021 NY Slip Op 04618


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-12900

[*1]The People of the State of New York, respondent,
v
Paul Mauro, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered July 19, 2019, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of his right to appeal was valid (see People v Sanders, 25 NY3d 337, 341; People v Lopez, 6 NY3d 248, 254; People v Puccio, 191 AD3d 1022). The record of the plea proceeding demonstrates that the defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Ovalles, 161 AD3d 1107, 1108; People v Brown, 122 AD3d 133, 144-145).
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see CPL 220.60[3]; 470.05[2]; People v Hernandez, 110 AD3d 919, 919; People v Andrea, 98 AD3d 627, 627). Furthermore, the exception to the preservation requirement does not apply here, since the defendant's plea allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666; People v Lujan, 114 AD3d 963, 963-964). In any event, this contention is without merit.
The defendant's valid waiver of his right to appeal precludes appellate review of the County Court's discretionary decision to decline to grant him youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1024; People v Pettiford, 187 AD3d 1062).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court