People v Padilla-Zuniga (2022 NY Slip Op 05717)

People v Padilla-Zuniga

2022 NY Slip Op 05717

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-05210
 (Ind. No. 300/20)

[*1]The People of the State of New York, respondent,
v
Juan Padilla-Zuniga, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Rachel S. Rambo of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered July 7, 2021, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree, aggravated driving while intoxicated, and leaving the scene of an accident without reporting, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337; People v Stevens, 203 AD3d 958, 958-959). The defendant's valid waiver of his right to appeal precludes appellate review of his objection to the factual sufficiency of the plea allocution (see People v Headley, 197 AD3d 1329, 1330).
Although the defendant's valid waiver of his right to appeal does not preclude appellate review of his challenge to the voluntariness of the plea (see People v Istvan, 180 AD3d 804), or his contention that the Supreme Court improperly imposed an enhanced sentence (see People v Gregory, 140 AD3d 1088, 1089), those contentions are unpreserved for appellate review, and we decline to reach those issues in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Kundilakkandi, 202 AD3d 1107; People v Mejia, 195 AD3d 1043, 1044).
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court