People v Williams (2022 NY Slip Op 06502)

People v Williams

2022 NY Slip Op 06502

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-08313
 (Ind. No. 9863/16)

[*1]The People of the State of New York, respondent,
v
Antoine Williams, appellant.

Patricia Pazner, New York, NY (David L. Goodwin and Brandon Kronstat of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered July 1, 2019, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress a gun found during a search of an apartment shared by the complainant, her daughter, and the defendant. A party who shares a common right of access to or control over property with a defendant may voluntarily consent to the search of the property (see United States v Matlock, 415 US 164; People v Cosme, 48 NY2d 286, 290). "[C]onsent can be established by conduct as well as words" (People v Gonzalez, 222 AD2d 453, 453; see People v Satornino, 153 AD2d 595, 595; People v Davis, 120 AD2d 606, 606-607). With respect to apparent authority, "where the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that . . . individual does, in fact, have the authority to consent, evidence obtained as the result of such a search should not be suppressed" (People v Adams, 53 NY2d 1, 9; see People v Miloro, 22 AD3d 768, 769).
The hearing record supports the Supreme Court's finding that the search was valid as it was based on the complainant's filing of a domestic incident report at the precinct, which reported that the defendant had threatened to kill her. The complainant further informed the police that she was residing in the apartment to care for her daughter who was recovering from a serious illness, and that the complainant had frequently seen the gun in the bedroom closet shared by her daughter and the defendant. The record further established that, after the police made a video recording of the complainant's consent, they proceeded to the apartment, where the complainant answered the door and allowed them to enter. The police properly relied on the complainant's apparent authority to consent to the search of the apartment, including the bedroom closet and shoebox containing the seized weapon (see People v Downey, 181 AD3d 900, 900-901; People v [*2]Singson, 40 AD3d 1015). Contrary to the defendant's contention, the hearing record failed to establish that the complainant's daughter denied consent to the search (cf. Georgia v Randolph, 547 US 103; People v Watson, 101 AD3d 913; People v McClain, 61 AD3d 416).
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court