People v Persaud (2023 NY Slip Op 00110)

People v Persaud

2023 NY Slip Op 00110

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2018-00971
 (Ind. No. 1728/16)

[*1]The People of the State of New York, respondent,
v
Mark Persaud, appellant.

Bruce R. Bekritsky, Carle Place, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia Harrington, J.), rendered December 13, 2017, convicting him of burglary in the first degree, robbery in the first degree, assault in the second degree, and unlawful imprisonment in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence. "A party who shares a common right of access to or control over property with a defendant may voluntarily consent to the search of the property" (People v Williams, _____ AD3d _____, _____, 2022 NY Slip Op 06502, *1 [2d Dept]). The evidence presented at the suppression hearing demonstrated that the defendant's friend consented to the police entry into and search of the motel room in which both she and the defendant were occupants (see People v Arroyo, 125 AD3d 987, 987-988; People v Pierre, 300 AD2d 324, 324). The defendant's friend had apparent authority to consent to the entry into and search of the motel room, and the police properly relied on that apparent authority (see People v Arroyo, 125 AD3d at 987-988; People v Pierre, 300 AD2d at 324).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Fraser, _____ AD3d _____, 2022 NY Slip Op 06816 [2d Dept]; People v Pray, 183 AD3d 842). The "rare case" exception to the preservation requirement is not applicable here (People v Massey, 186 AD3d 1716, 1717; see People v Lopez, 71 NY2d 662, 666; People v Hernandez, 110 AD3d 919, 919). "In any event, the court's colloquy with the defendant established that the plea was knowing, voluntary, and intelligent" (People v Massey, 186 AD3d at 1717; People v Istvan, 180 AD3d 804, 805; see People v Rodriguez, 152 AD3d 800, 800). Contrary to the defendant's contention, "the defendant's monosyllabic, one-word responses did not render the plea invalid" (People v Smith, 201 AD3d 822, 823 [internal quotation marks omitted]).
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court