People v Rivers (2024 NY Slip Op 01731)

People v Rivers

2024 NY Slip Op 01731

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2019-06061
 (Ind. No. 399/18)

[*1]The People of the State of New York, respondent,
v
Jerome Rivers, appellant.

Patricia Pazner, New York, NY (De Nice Powell of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered April 30, 2019, convicting him of murder in the second degree and criminal contempt in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant at the scene of the crime and at the police station.
ORDERED that the judgment is modified, on the law, by vacating the conviction of murder in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on that count.
On September 28, 2017, the defendant was released from prison and asked his girlfriend (hereinafter the victim) if he could spend the night at her apartment because he did not have keys to his housing. The defendant told the police that the victim agreed, and the defendant and the victim spent the night together. At 6:00 a.m. the following day, the defendant found the victim unresponsive on the kitchen floor. The defendant called 911, police and emergency medical services responded, and the victim was declared dead at the scene. A senior medical examiner testified at trial that based on her review of autopsy notes and medical records, as well as autopsy photographs that were admitted into evidence, it was her conclusion that the victim's cause of death was strangulation.
At the trial, defense counsel did not dispute that the defendant violated an order of protection that directed him to stay away from the victim and argued in summation that "[the defendant] is guilty of th[e] charge" of criminal contempt in the second degree. Nor did defense counsel dispute that the defendant and the victim were alone in the apartment when the incident occurred. Instead, defense counsel argued that the defendant did not have an intent to kill, but rather only intended to injure the victim. The lesser included offense of manslaughter in the first degree was submitted to the jury. Nevertheless, the defendant was convicted, upon a jury verdict, of murder in the second degree (intentional murder) (Penal Law § 125.25[1]) and criminal contempt in the second degree (id. § 215.50[3]), in that he intentionally disobeyed an order of protection directing [*2]him to stay away from the victim. The defendant appeals.
In March 2019, immediately prior to trial, defense counsel moved for an examination pursuant to CPL 730.30 to determine whether the defendant was competent to stand trial. Previously, in July 2018, the defendant had been found fit to proceed pursuant to CPL 730.30 examinations, and defense counsel accepted those findings. However, in March 2019, after the defendant rejected a favorable plea agreement, defense counsel argued, "I am not sure [the defendant's] understanding is as complete as it needs to be at this stage." The Supreme Court denied the application on the grounds that the defendant was found fit to proceed in July 2018, "many people in the criminal justice system are suffering from emotional and mental illnesses," and although the rejection of the plea offer was "irrational," the defendant understood what was going on in the courtroom and understood he was facing time in jail. Contrary to the defendant's contention, that determination was not an improvident exercise of discretion (see People v Phillips, 16 NY3d 510, 516; People v Morgan, 87 NY2d 878, 879-880; People v Nadler, 164 AD3d 1263, 1264).
The defendant made oral statements to the police while in the victim's apartment, without waiving his Miranda rights (see Miranda v Arizona, 384 US 436). Those statements were noncustodial in nature and therefore were admissible in evidence (see People v Centano, 76 NY2d 837, 838; People v Yukl, 25 NY2d 585, 589; People v Hardy, 77 AD3d 133, 141). Further, the defendant made a written statement at the police station after he validly waived his Miranda rights, and it, therefore, was also properly admitted into evidence. The fact that the defendant was represented by counsel with respect to a prior violation of the order of protection which occurred in July 2017 did not, under the facts of this case, preclude the defendant from waiving the right to counsel in the absence of counsel (see People v Henry, 31 NY3d 364; People v Cohen, 90 NY2d 632, 638-639; People v Bell, 179 AD3d 462). Accordingly, that branch of the defendant's omnibus motion which was to suppress statements made by the defendant at the scene of the crime and at the police station was properly denied.
The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Miller, 81 AD3d 854). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342,), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The opinion of the senior medical examiner, based upon, inter alia, her review of autopsy photographs, that the cause of death was strangulation, was properly admitted into evidence (see People v Ortega, 40 NY3d 463). Although the senior medical examiner only assisted in performing the autopsy and did not prepare the autopsy report, she was advised by the Supreme Court to testify as to her own independent conclusions. Moreover, the defendant's challenge to the DNA evidence admitted in evidence is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
However, the admission into evidence of prior statements of the victim regarding instances of domestic violence involving the defendant as proof of murder in the second degree, was error which may not be deemed harmless. This hearsay evidence was admitted, purportedly not for its truth, but to establish the victim's state of mind, the nature of the parties' relationship, the defendant's motive and intent, and the absence of an accident. The victim's state of mind may be an issue in certain circumstances, warranting the admission of hearsay evidence on that issue pursuant to a recognized hearsay exception (see People v Borukhova, 89 AD3d 194, 220), but it was not at issue in this case. Rather, the evidence was used to establish the defendant's state of mind, [*3]based upon the victim's characterization of the defendant's conduct and the acceptance of that characterization for its truth. In People v Brooks (31 NY3d 939, 942), the Court of Appeals ruled that a "witness's testimony as to the victim's statement that defendant had previously threatened her constituted double hearsay and was not properly admitted pursuant to any exceptions to the hearsay rule. . . . Nor is there any blanket hearsay exception providing for use of such statements as 'background' in domestic violence prosecutions" (citation omitted). Assuming arguendo that evidence of the defendant's prior bad acts was admissible under People v Molineux (168 NY 264]) and its progeny, "there is no Molineux exception to the rule against hearsay . . . . [S]uch evidence must still be in admissible form" (People v Meadow, 140 AD3d 1596, 1599-1600). This purported evidence of the defendant's state of mind, in this case where intent became the primary issue, was not in admissible form. Thus, the admission of that evidence was error. The error cannot be deemed harmless because the evidence of the defendant's intent was not overwhelming (see People v Smith, 33 NY3d 454, 461).
The prosecutor compounded the error by arguing in summation, inter alia, that the victim's statements demonstrated that she had reason to fear the defendant, that "[the victim] didn't make this up," and that the victim's account of the defendant's prior conduct "wasn't a figment of her imagination." The tenor of the prosecutor's argument was that the victim's statements were a true characterization of events and her description of the defendant's prior conduct demonstrated his nefarious intent.
The defendant's remaining contentions need not be reached in light of our determination.
Accordingly, we modify the judgment by vacating the conviction of murder in the second degree and vacating the sentence imposed thereon, and we remit the matter to the Supreme Court, Queens County, for a new trial on that count.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court