People v Patton (2024 NY Slip Op 04080)

People v Patton

2024 NY Slip Op 04080

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-08019
 (Ind. No. 863/18)

[*1]The People of the State of New York, respondent,
v
Andre Patton, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Jared A. Chester of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered August 17, 2022, convicting him of murder in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Christopher G. Quinn, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and the denial, after a hearing (Christopher G. Quinn, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
On May 1, 2018, the defendant was taken into custody in Memphis, Tennessee, by two detectives from the Nassau County Police Department (hereinafter NCDP). The NCPD detectives were assisted by officers from the Memphis Police Department and the United States Marshals Service. The defendant was transported to the Violent Crimes Unit office in Memphis, where, after being advised of and waiving his Miranda rights (see Miranda v Arizona, 384 US 436), he was questioned by the NCPD detectives about a homicide that occurred on November 3, 2017, in Nassau County. The defendant provided a written statement in which he, among other things, confessed to the homicide. The defendant was not represented by counsel in connection with the questioning about the Nassau County homicide. At the time of the interrogation, the defendant had a pending criminal case in Tennessee.
The defendant failed to create a record sufficient to permit appellate review of his claim that the incriminating statements that he made to law enforcement officials were obtained in violation of his right to counsel (see People v Kinchen, 60 NY2d 772, 773-774; People v Owens, 129 AD3d 995, 995-996; People v Elliott, 39 AD3d 663, 663). It was the defendant's burden to prove that he was represented by counsel on the Tennessee matter at the time of his interrogation on the present case (see People v Rosa, 65 NY2d 380, 386; People v Bell, 179 AD3d 462, 463). Furthermore, even assuming that the defendant was represented by counsel in the Tennessee matter, there is no evidence in the record to establish that the Nassau County matter and the Tennessee matter were "so closely related transactionally, or in space or time," that questioning about the Nassau County matter would "all but inevitably" elicit incriminating statements pertaining to the Tennessee matter or that the NCPD detectives improperly questioned the defendant about the [*2]Tennessee matter (People v Henry, 31 NY3d 364, 368 [internal quotation marks omitted]; see People v McCalla, 172 AD3d 750, 750-751).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress statements that he made to the NCPD detectives prior to being advised of his Miranda rights. The questions at issue sought to ascertain the defendant's identity and fell within the exception for pedigree information reasonably related to the administrative concerns of the police (see People v Wortham, 37 NY3d 407, 413; People v Rodney, 85 NY2d 289, 292).
The defendant's contention that the Supreme Court improperly denied that branch of his omnibus motion which was to suppress physical evidence based on an unreasonable search and seizure is unpreserved for appellate review and, in any event, without merit. The court properly denied, without a hearing, that branch of the defendant's motion because his supporting papers were conclusory and failed to set forth factual allegations sufficient to warrant a hearing (see CPL 710.60[3][b]; People v Garay, 25 NY3d 62, 72; People v Massey, 186 AD3d 1716, 1717).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court