People v Rayo-Lugo (2026 NY Slip Op 00536)

People v Rayo-Lugo

2026 NY Slip Op 00536

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-07914
 (Ind. No. 71560/23)

[*1]The People of the State of New York, respondent,
vAndres F. Rayo-Lugo, appellant.

Bruce R. Bekritsky, Carle Place, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (John Latella III of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered August 5, 2024, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Lopez, 71 NY2d 662, 665; People v Argueta, 233 AD3d 703, 703-704). Further, the exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Mauro, 197 AD3d 502, 502-503; People v Mack, 168 AD3d 1100, 1101). In any event, the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is without merit. The record of the plea proceeding demonstrates that the defendant, through an interperter, understood the charge to which he entered a plea of guilty and made an intelligent decision to enter a plea of guilty (see People v Goldstein, 12 NY3d 295, 301; People v Marinos, 209 AD3d 875, 876). Moreover, "the defendant's monosyllabic, one-word responses did not render the plea invalid" (People v Persaud, 212 AD3d 654, 655 [internal quotation marks omitted]; see People v Rico-Valencia, 217 AD3d 781, 781; People v Smith, 201 AD3d 822, 823).
The defendant's contentions that the evidence before the grand jury was legally insufficient, that his arrest was not supported by probable cause, and that his statements to law enforcement officials should have been suppressed were forfeited by his plea of guilty, which was entered prior to a hearing on his suppression motion (see People v Hansen, 95 NY2d 227, 230; People v Fernandez, 67 NY2d 686, 688; People v Brown, 170 AD3d 878, 880; cf. CPL 710.70[2]).
CONNOLLY, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court