People v Nagle
2026 NY Slip Op 03983
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Ryan Nagle, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-07794, (Ind. No. 41/20)
Betsy Barros, J.P.
Valerie Brathwaite Nelson
Laurence L. Love
Susan Quirk, JJ.

Gary E. Eisenberg, New City, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered June 14, 2024, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254).
Although the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of his right to appeal (see People v Morrow, 198 AD3d 922, 923), the defendant failed to preserve this contention for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665). Further, the exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Rayo-Lugo, 246 AD3d 768, 768-769; People v Mauro, 197 AD3d 502, 502-503). In any event, the record demonstrates that the defendant's plea was entered knowingly, voluntarily, and intelligently (see People v Garcia, 92 NY2d 869, 870; People v McGowan, 210 AD3d 909).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the period of postrelease supervision imposed as part of the sentence was excessive (see People v Lopez, 6 NY3d at 255-256).
BARROS, J.P., BRATHWAITE NELSON, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court